ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2021-Mar-19  17:05:12
72CV-21-259
C04D01 : 12 Pages

IN THE CIRCUIT COURT OF WASHINGTON COUNTY,
ARKANSAS CIVIL DIVISION

DONNA MCDANIEL                                                                          PLAINTIFF

CASE NO. _____

vs.

TRACTOR SUPPLY CO

AND JOHN DOES I-V                                                                       DEFENDANT

### PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Donna McDaniel, and for her cause of action against the Defendant, Tractor Supply Co. states and alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff, Donna McDaniel, is a resident of Elkins, Washington County, Arkansas.

2. Defendant, Tractor Supply Co. ("Tractor Supply"), is a Delaware, for profit, publicly traded, corporation with its principal place of business located in Brentwood, Tennessee. According to the Arkansas Secretary of State, the registered agent for Tractor Supply is The Corporation Company, 124 W Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3. Separate Defendants John Does I-V, to the best of Plaintiff's information and belief, are parent, affiliate, or subsidiary companies, corporations, employees or parties, or insurers or other entities responsible in whole or in part for the policies and procedures for Tractor Supply, including its railroad ties as well as responsible for the injuries and damages complained of herein. Additionally, John Does I-V are the store manager(s) or other responsible supervisors of the Tractor Supply store at the Springdale, Arkansas location. Upon the best information and belief, these John Doe managers or supervisors are residents and citizens of Arkansas, however the identity of these John Does is unknown to Plaintiff and counsel at the time of filing of the subject

1

Complaint. See Exhibit A, affidavit of counsel for unknown John Doe Defendants pursuant to Ark. Code Ann, § 16-56-125.

4. This court has personal and subject matter jurisdiction, and venue of this cause is proper in that the injuries suffered by Plaintiff occurred in Springdale, Washington County, Arkansas.

## BACKGROUND

5. Tractor Supply is a large, national retailer, with 2,024 stores located throughout 49 states.

**About Tractor Supply**

Tractor Supply is the largest rural lifestyle retailer in the United States. At December 28, 2019, the Company operated 2,024 stores in 49 states, including 1,844 Tractor Supply stores and 180 Petsense pet specialty stores, and e-commerce websites at TractorSupply.com and Petsense.com.

6. In 2018, when the subject incident occurred, Tractor Supply claimed it generated $ 2,700,000,000 ($ 2.7 billion) in gross profits, and net sales of $ 7,910,000,000 ($7.91 billion).

7. Tractor Supply purports to be focused on customers such as the McDaniels, who live the rural lifestyle.

**Our Focus**

Tractor Supply is focused on being the most dependable supplier of relevant products and services for the lifestyle needs of recreational farmers and ranchers and all others who live the rural lifestyle. Tractor Supply customers are home, land, pet and livestock owners that live a conservative and self-reliant lifestyle. They depend on us to have the products they need for Life Out Here.

Our strategy is designed to provide a convenient shopping experience anytime, anywhere and in any way our customers choose. To learn more or shop online, visit TractorSupply.com and Petsense.com.

**FACTS**

8. Plaintiff and her husband, Steve McDaniel, were shopping as a customers at the Springdale, Arkansas Tractor Supply store located at 4355 East Robinson Avenue, on June 2, 2018.

9. Plaintiff and her husband were business invitees, as customers and guests of Tractor Supply while shopping.

10. Plaintiff and her husband were in Tractor Supply to purchase railroad ties to be used in their home garden.

11. While shopping for railroad ties, a Tractor Supply employee approached the McDaniels.

12. The Tractor Supply employee brought a forklift over, as the railroad ties are large and heavy, and are kept by Tractor Supply in large bundles where several ties are banded into a unit. These bundle of railroad ties are packaged with a metal band that wrapped around the ties.

13. The Tractor Supply employee handed a pair of gloves and tin snips to Plaintiff's husband, Steve. The employee and Steve then loaded four (4) railroad ties into the McDaniel's truck bed.

14. The Tractor Supply employee then, while operating the forklift, brought a bundle of railroad ties over to the area. To the Plaintiff's best information and belief, there were sixteen (16) railroad ties per bundle. The bundle of railroad ties were held together by a metal band.

15. The Tractor Supply employee then instructed the Plaintiff to cut the metal band with the pair of tin snips she had earlier handed to Steve McDaniel.

16. Plaintiff followed the instructions of the employee and began cutting the band. When Plaintiff had cut through approximately half of the band, the bundle of railroad ties immediately "popped" loose and exploded from the released energy of the bound railroad ties. The

force of the exploding railroad ties violently knocked the Plaintiff to the ground, and four (4) of the large, heavy railroad ties landed on Plaintiffs legs, causing fractures and permanent injuries, described more particularly later.

17. Unknown to Plaintiff, and hidden from any customer, was the fact that the railroad ties were unstable and dangerous, such that once the restraining strap or band was cut, the energy from the release of the strap would cause the large railroad ties to explode, "spring open" and then fall to the ground and onto Plaintiff and her legs.

18. There were no safety measures or precautions taken for restraining the load of railroad ties when their only form of securement was released.

19. These railroad ties weigh on average, in excess of 200 lbs, such that causing them to be released where they can dangerously "spring open" when the securing band is released and land on a customer such as Plaintiff, is a danger that Tractor Supply knew or should have known created a great risk of injury.

20. Plaintiff was unaware of the risks when she was instructed to cut the band with the tin snips given to her by the Tractor Supply employee. This would be a hidden and unknown danger to any customer.

21. Rather than making sure the railroad ties were maintained in a safe manner, or releasing the bands themselves, as any reasonable retailer should have done, Tractor Supply concealed the dangers to Plaintiff, and instructed a customer to cut the band that restrained these large and dangerous railroad ties.

22. In addition to the negligence of Tractor Supply in instructing Plaintiff to cut the band which required Plaintiff to be in proximity to the railroad ties such that when the band released, the energy from the release of the bound ties would cause them to violently release and fall on her, Tractor Supply was further negligent in failing to warn Plaintiff of the dangers

associated with cutting the band, and in being in close proximity and without a protective barrier when the band is being cut.

23. As a result of the immediate and serious injuries from the railroad ties landing on her legs, an ambulance was called and Plaintiff was rushed to Washington Regional Medical Center for emergent treatment and eventually, surgery. These injuries were severe and continue to cause Plaintiff pain and problems.



WashingtonRegional Medical Center
3215 N. North Hills Blvd. | Fayetteville, AR 72703
Phone: 479-463-1000   Facility: Washington Regional Medical Center

Patient Name: MCDANIEL, DONNA
Admission No: 1815300119
DOB:
MRN: 000969348
Ordering: COKER, MATTHEW J,MD
Consulting: COKER, MATTHEW J,MD

Report
RIGHT TIBIA AND FIBULA, TWO VIEWS

DATE: 06/02/2018

REFERRING PHYSICIAN: Matthew J. Coker, MD

HISTORY: Injury.

FINDINGS: There is a transverse fracture of the distal shaft of the right tibia with 1-2 mm of diastasis. The fibula is intact.

IMPRESSION:
FRACTURE OF THE DISTAL RIGHT TIBIAL SHAFT.

Report
RIGHT FOOT, THREE VIEWS

DATE: 06/02/2018

REFERRING PHYSICIAN: Matthew J. Coker, MD

HISTORY: Injury.

FINDINGS: There is a transverse fracture of the distal shaft of the first metatarsal. Fracture is seen involving the base of the fifth metatarsal without intraarticular extension. No dislocation.

IMPRESSION:
FRACTURE OF THE FIRST AND FIFTH METATARSALS.

24. Pursuant to Arkansas law, a non-delegable duty was owed by Tractor Supply to maintain a safe shopping environment for its customers such as Plaintiff.

25. Instructing customers to perform the dangerous task of cutting the securing band while in close proximity to the bundle of ties, a task which a customer such as Plaintiff would have

no knowledge, awareness or experience regarding the dangers and propensity of bound railroad ties to "explode" when the securing band is cut. Handing Plaintiff a pair of tin snips and instructing her to cut the restraining band around a stack of "loaded" railroad ties, was negligent and a breach of Tractor Supply's duty to its customers.

26. As a direct and proximate result of the breaches by Tractor Supply, Plaintiff suffered the injuries set forth herein.

## COUNT I: NEGLIGENCE

27. Plaintiff incorporates the foregoing Paragraphs here by reference.

28. Tractor Supply owed a non-delegable duty to the public and Plaintiff to ensure that customers would be safe, including a duty to protect them from having railroad ties land on their feet.

29. Tractor Supply owed a duty to maintain their stores in a reasonably safe condition, such that railroad ties aren't allowed to fall or land on a customer.

30. Tractor Supply negligently supervised its employees, and negligently failed to provide its customers a reasonably safe place to shop.

31. Tractor Supply was negligent, including without limitation, in the following particulars:

    a. Failed to ensure that the railroad ties were secured from releasing and landing on Plaintiff.

    b. Failing to place its railroad ties and maintain them while offering and presenting them for sale to the public in a safe manner such that they wouldn't land on a customer.

    c. Failed to ensure that proper safeguards were in place to prevent the railroad ties from landing on Plaintiff.

    d. Failed to ensure that a proper safety zone or perimeter was established when a stack of railroad ties securing band is cut.

    e.    Utilizing an unsafe procedure in that the Tractor Supply employee handed the customer the tin snips and advised the customer to cut the band.

    f.    Failed to adequately train and supervise their employees, as evidenced by the Tractor Supply employee that handed the tin snips to Plaintiff and instructed her to cut the band.

    g.    Negligently hired, retained, and supervised its employees as evidenced by the Tractor Supply employee that handed the pair of tin snips to Plaintiff and instructed her to cut the band.

    h.    Failed to utilize safe methods and precautions to prevent 200 lb railroad ties from being released and falling on customers.

    i.    Failed to warn Plaintiff of the dangers of railroad ties exploding and causing injury when the securing band is cut.

32.    Tractor Supply's breach of its duty owed to Ms. McDaniel, proximately caused her injuries and damages.

## COUNT II: RES IPSA LOQUITUR

33.    Plaintiff realleges and readopts each and every factual allegation set forth in paragraphs 1-28 above and incorporates the same as if set forth herein word for word.

34.    Tractor Supply owed a duty to use due care regarding the safety of its customers and invitees.

35.    The railroad ties and its securement band were under the exclusive control of Tractor Supply.

36.    The subject incident wherein railroads ties fell onto Plaintiff after the band was partially cut would not and should not occur if Tractor Supply exercised due and proper care in managing its railroad ties and maintaining a safe retail store and would not occur in the absence of negligence on the part of Tractor Supply.

## DAMAGES

37.    Donna McDaniel is entitled to recover the following elements of damages,

including without limitation:

    a.    Conscious pain and suffering.

    b.    Mental anguish.

    c.    Medical expenses.

    d.    Lost earnings.

    e.    Scarring and disfigurement.

    f.    Loss of income, past, present and future.

    g.    Permanent physical injuries, disability and limitations.

    h.    Loss of quality of life.

38.    Tractor Supply is liable as set forth above in an amount that exceeds that required for diversity of citizenship jurisdiction in federal district court.

## PUNITIVE DAMAGES

39.    Plaintiff realleges and readopts each and every factual allegation set forth in paragraphs 1 through 34 and incorporates the same as fully as if set forth herein word-for-word.

40.    The acts and omissions complained of in the cause of action stated above are egregious and reckless, wanton and in total disregard to the rights of Plaintiff, that the defendant knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury and damage, and that they continued such conduct in reckless disregard of the consequences from which malice may be inferred, that in addition to the actual damages, punitive or exemplary damages to punish and deter these types of acts and omissions from occurring in the future are appropriate.

41.    Plaintiff is entitled to punitive damages for Defendants' reckless and wanton disregard.

42.    That the Plaintiff reserves the right to amend this complaint and add any other

necessary parties or factual allegations after further discovery warrants as provided by Arkansas law.

## DEMAND FOR JURY TRIAL

43. Plaintiff incorporates the foregoing paragraphs by reference here.

44. Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff, Donna McDaniel, prays for judgment against Tractor Supply for all elements of damages set forth above together with pre- and post-judgment interest, costs and any other such relief as this Court deems just and proper.

DONNA MCDANIEL, PLAINTIFF

By: */s/ Shawn Daniels*
Shawn Daniels, AR Bar No. 99126
William Haslam, AR Bar No. 2020089
Daniels Law Firm, PLLC

129 West Sunbridge Drive
Fayetteville, AR 72703
Phone: (479) 521-7000
Fax: (479) 437-2007
shawn@danielsfirm.com